**ZU HAN CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–6529–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Gang Zhou, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Steve Jordan, Michael L. Roden, Assistant United States Attorneys, Nashville, Tennessee, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Zu Han Chen, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Patricia Rohan's decision denying his applications for asy-lum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief decision affirming and approving the reasoning of the IJ, it is appropriate to review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

In this case, substantial evidence supports the IJ's adverse credibility finding, which was based on numerous inconsistencies among Chen's asylum application, interview, testimony in 1996, and testimony in 2004 after his hearing was reopened. Chen did not reveal until the 1996 hearing that his wife had been sterilized, and the IJ reasonably rejected his explanation that the preparers fabricated certain portions of the claim in his application, when he repeated some of those "fabrications" at his interview and at his hearings. The IJ was also reasonable in rejecting his claim that he never mentioned any family planning problems at his asylum interview, when the asylum officer's assessment clearly indicated that he had, and Chen failed to explain what he had said instead or why he would choose not to mention the very basis of his claim. This unusual allegation was also a valid factor for the IJ to take into consideration in concluding that

Chen was not a reliable witness overall, and the IJ's negative demeanor findings bolstered this conclusion significantly. *See Zhou Yun Zhang,* 386 F.3d at 74. Moreover, as the IJ noted, Chen was given a second chance to present his claim at the reopened hearing, and although both he and counsel were on notice of the gaps in his testimony and his non-responsive tendencies at the 1996 hearing, these problems persisted, and remained unexplained, in 2004. In this light, a reasonable factfinder would not be compelled to credit Chen's testimony, *see id.* at 73 n. 7, and therefore the adverse credibility determination underlying the denial of asylum and withholding is upheld. As a result, we need not reach Chen's arguments as to the discretionary denial of asylum. Finally, Chen's CAT claim is deemed waived because he did not raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. The IJ's finding that Hasanaj submitted a frivolous asylum application is REVERSED, but the decision is upheld in all other respects. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).